**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Steel Supplements, Inc., | Case No. 2:22-cv-00020-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF Nos. 1 and 9** |
| Blitz NV, LLC, | |
| Defendant. | |

Plaintiff Steel Supplements, Inc. filed a motion to compel non-party Ignite US to comply with subpoenas and to designate a witness to respond to certain questions to be asked during a deposition. ECF No. 1. But it also requests that these matters be resolved in the issuing district, the District Court for the Middle District of Florida. Non-party Ignite opposed and Plaintiff replied. ECF Nos. 10 and 23.

Plaintiff also filed a motion for leave to file supplementary discovery. ECF No. 9. Non-party Ignite opposed and Plaintiff replied. ECF Nos. 19 and 22.[1]

**I.    Parties' Arguments**

Relevant to this Court's analysis, Plaintiff argues that the discovery sought is subject to a previous ruling by the issuing court on a motion for a protective order and that it requires this Court to interpret the issuing court's temporal scope limitations.[2] Plaintiff argues that having the issuing court rule on this motion would obviate potentially inconsistent rulings. In addition, Plaintiff argues that the only ties that Ignite has to Nevada is that its counsel and one of its executives (Dan Bilzerian) reside here. Other than that, Ignite has no offices in this state, is incorporated in Wyoming, and many of its executives reside in Texas. In addition, Dan Bilzerian

---

[1] The Court will deny Plaintiff's motion to file supplementary authority (ECF No. 9) as moot as it reached its determination to grant its motion to compel (at ECF No. 1) without the need to consider any supplement.

[2] The Court will not examine the remaining arguments as it does not find them compelling to its ultimate determination.

is the sole member of Blitz, the defendant in the underlying suit, and has already appeared in the issuing court in relation to a subpoena issued to him.

Ignite argues the motion should not be transferred to the issuing court. It argues the only reason Plaintiff wants this motion to be decided in Florida is to avoid Ninth Circuit precedent which, according to Ignite, holds that Ignite's parent company would not have to comply with the subpoena. Ignite also argues that the Florida court has not made any substantive rulings on this matter and stated it would not. Lastly, it argues it would be costly for Ignite to have to hire counsel in Florida given Ms. Stein (current counsel for Defendant Blitz) can only *pro hac* on behalf of Blitz.

In its reply, Plaintiff argues the transfer would not impose any undue burden on Ignite. First, it points to Fed. R. Civ. P. 45(f) and argues there is no prohibition to Ms. Stein appearing on behalf of Ignite in Florida. It argues that Ms. Stein is already familiar with the local rules, as she is counsel for Defendant Blitz in the underlying case, and that hearings have been taking place telephonically—obviating the costs associated with travel. Plaintiff also takes issue with Ignite's proclamation that the Florida court would not rule on the merits of the instant motion. Lastly, Plaintiff argues Ignite has not demonstrated whether Ninth Circuit—as opposed to Eleventh Circuit—law would apply; nor has it set forth Eleventh Circuit law to show it would be less favorable to Ignite.

**II.     Legal Framework for Transfer under Fed. R. Civ. P. 45**

Fed. R. Civ. P. 45 governs subpoenas to nonparties. Although the party that wishes to enforce a subpoena must initially move the court for the district where compliance is required, Fed. R. Civ. P. 45(f) gives the court discretion to transfer subpoena-related motions to the issuing court. *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, No. 2:16-cv-61-JAD-PAL, 2016 WL 593546, at *3 (D. Nev. Feb. 12, 2016). Specifically, the rule provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Absent consent to transfer, the "proponent of transfer bears the burden of showing that [exceptional] circumstances are present." Fed. R. Civ. P.

45 Advisory Comm. Notes (2013). Whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required. *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014). Although the Rule itself does not expound on what constitutes "exceptional circumstances," the advisory notes provide guidance as to the court's exercise of discretion:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.

*Id.* at 428 (quoting Advisory Committee Notes).

The Advisory Committee Notes do not provide an exhaustive list of all circumstances in which transfer is appropriate under Rule 45(f). Nonetheless, they formulate a balancing test in which the court considers "whether the circumstances favoring transfer outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion." *See Valle del Sol, Inc. v. Kobach*, 2014 WL 38318490, *3 (D. Kan. Aug. 4, 2014). More particularly, on the one hand, the court must consider the burden on the party responding to the subpoena in the event of a transfer. On the other hand, the court must consider factors such as judicial economy, docket management, and the risk of inconsistent rulings. *See, e.g., Moon Mountain Farms, LLC,* 301 F.R.D. 426 at 429-30. Whether "exceptional circumstances" exist for a transfer turns on the particular facts of each case.

**III.     Analysis**

The Court finds Plaintiff has demonstrated that exceptional circumstances exist for this motion to be transferred to Florida. First, there is minimal burden to Ignite. Counsel for Ignite has already responded to the substantive arguments regarding the motion to compel, she is familiar with the case as she represents Defendant Blitz in the underlying case, and she will be able to enter an appearance in Florida as counsel for Ignite.[3] In addition, the district court in Florida is in

---

[3] In the unlikely event that the District Court in Florida does not allow Ms. Stein to enter an appearance on behalf of Ignite, the response has already been drafted and the cost of hiring counsel to represent Ignite would be limited to

a much better position to rule on the instant motion as it has already entered orders implicating similar relevance and proportionality arguments the court would have to undertake here. Judicial economy is also favored due to the familiarity the issuing court has with the arguments raised in the instant motion. In this same vein, the parties appear to disagree as to the meaning of a temporal limitation imposed in discovery by the issuing court. Thus, transferring this motion to the issuing court would avoid the potential for inconsistent rulings. In short, the circumstances favoring transfer outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel at ECF No. 1 is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Supplemental Authority in Support of Motion to Compel at ECF No. 9 is DENIED as moot.

**IT IS FURTHER ORDERED** that the hearing set for March 11, 2022 at 10:00 a.m. is VACATED.

DATED: March 2, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

argument on this matter (if one is granted). Thus, Plaintiff continues to have the better argument as to the need for transfer.